## GARRISON v. DAXON.

Third Division.   Valdez.   February 27, 1924.

No. A–369.

**Landlord and Tenant** ⬸169(3)—**Negligence** ⬸119(1)—**Contributory Negligence.**

> Plaintiff sued defendant, her landlord, for damages occasioned by the landlord's negligence in leaving a trapdoor open, into which plaintiff stepped in the dark, and was injured. Demurrer was interposed, because plaintiff did not allege that at the time of the accident she was in the exercise of ordinary care. *Held* that, while contributory negligence is a defense, which generally must be pleaded and proved by defendant, yet in such a case it is necessary for a plaintiff to allege that he (or she) was using ordinary care, and that the cause of his injury was not easily perceptible to him. Demurrer sustained, with leave to amend.

Plaintiff in this action sues for damages for personal injuries alleged to be due to the negligence of defendant, whose tenant she was in a certain building.   Defendant demurs to the sufficiency of the complaint.

J. C. Murphy, of Anchorage, for plaintiff.

J. L. Waller, of Anchorage, for defendant.

RITCHIE, District Judge.   Plaintiff's cause of action on the whole is well pleaded, and I did not readily decide that it is insufficient.   It appears to me to be lacking in only one particular. She alleges, in substance, that a rear door of an annex to the apartment she rented from defendant and was occupying was over or adjacent to a cellarway leading to the basement of the apartment house, which cellarway was used by defendant and his agents in getting to the basement to attend to the heating plant situated therein; that one evening the trapdoor leading to the basement was left open.   Although the complaint does not say so, the trapdoor apparently was over the cellarway.   Plaintiff stepped out in the darkness and fell through the open doorway, thereby receiving the injuries complained of.

Plaintiff pleads that the trapdoor and cellarway were under the control of and operated by defendant, and that it was his

duty to keep the same in safe condition. This allegation, together with the averment that plaintiff habitually used the door in the rear of her apartment as a means of egress therefrom, with the knowledge and consent of the defendant, would be sufficient to state a cause of action, but for one thing. She totally fails to allege that at the time of the accident she was in the exercise of ordinary care. It is true that contributory negligence is a defense, which generally must be pleaded and proven by defendant. Nevertheless it is usual, and I think necessary, for a plaintiff in a personal injury case to allege that he was using ordinary care in whatever he was doing, and that the cause of his injury was not easily perceptible to him.

Because of the failure to set up the last-mentioned allegation in the complaint, the demurrer thereto is sustained, and plaintiff allowed 30 days from date to file an amended complaint.